**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4766**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

AUSTIN SURPRISE BULL,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00309-NCT-1)

_____

Submitted:  March 6, 2012         Decided:  March 15, 2012

_____

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Austin Surprise Bull pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to 120 months in prison. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), indicating that he found no meritorious grounds for appeal, but explaining that Bull believes his 120-month sentence is greater than necessary to satisfy the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Bull raises no challenge to the procedural reasonableness of his sentence. We thus presume that the district court's 120-month sentence, which was at the top of Bull's properly calculated Guidelines range, is reasonable. See

2

United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Although Bull suggests that he should have been sentenced to a lesser term based on his tumultuous upbringing, we conclude that the district court properly exercised its discretion to reject Bull's argument in mitigation. See Evans, 526 F.3d at 162 (recognizing that deference to a district court's sentence is required because the "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case"). Because Bull has failed to rebut the presumption this court affords a within-Guidelines sentence, we affirm his 120-month sentence.

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Bull, in writing, of the right to petition the Supreme Court of the United States for further review. If Bull requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bull. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED